## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AZZA MESHAL,

        Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

        Agency.

DOCKET NUMBER
SF-0831-21-0514-I-1

DATE: May 3, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Azza Meshal</u>, San Jose, California, pro se.

<u>Alison Pastor</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM)

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

denying her request for a waiver of the interest on a required deposit to receive credit for a period of noncontributory service under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2 The relevant facts are largely undisputed. The appellant was employed by the Department of the Army (Army) from May 24 to September 29, 1982, and October 4, 1982, to January 15, 1983, in a temporary appointment as an Engineering Technician. Initial Appeal File (IAF), Tab 9 at 50-51. On January 16, 1983, the Army converted her position to a career-conditional appointment covered under CSRS, and her pay was subject to CSRS retirement deductions until her retirement on August 31, 2020. *Id.* at 37, 41, 54. As relevant here, from October 4, 1982, to January 15, 1983, her position was subject only to the payment of Social Security taxes under the Federal Insurance Compensation Act, and no retirement deductions were withheld from her salary. *Id.* at 50. In a retirement estimate dated August 30, 2020, the Army provided the

appellant with the required deposit amount plus interest for the relevant period of noncontributory service. *Id.* at 58.

¶3      Subsequently, by letter dated November 3, 2020, OPM notified her that she could make one of the following elections affecting the computation of her retirement annuity:  pay a deposit with interest for her service from October 4, 1982, to January 15, 1983, or do not pay a deposit. *Id.* at 22-24.  The appellant requested OPM to waive the interest amount for such deposit, claiming that the failure or delay to make deductions or pay the deposit was not her fault. *Id.* at 21.  OPM issued an initial decision denying her request to waive the interest, and she requested reconsideration. *Id.* at 17, 19.  On August 16, 2021, OPM issued a final decision sustaining its initial decision based on its determination that it had no authority to waive the statutory requirement of paying interest on deposits. *Id.* at 8-10.

¶4      The appellant filed an appeal with the Board challenging OPM's final decision and requesting a hearing.  IAF, Tab 1 at 2.  Following a telephonic hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision and finding that the appellant failed to prove her entitlement to retirement annuity benefits based on her noncontributory service when she has not paid any deposit with interest for such service.  IAF, Tab 11, Hearing Audio (HA), Tab 13, Initial Decision (ID) at 1, 8.

¶5      The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a nonsubstantive response.  PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6      An employee's creditable civilian service after July 31, 1920, for which retirement deductions have not been made will not be included in computing the amount of her CSRS annuity unless she makes a deposit, with interest, for such service. *Buie v. Office of Personnel Management*, 386 F.3d 1127, 1131 (Fed. Cir.

2004); *see* 5 U.S.C. § 8334(c), (e); 5 C.F.R. § 831.303(b). The administrative judge found, and the parties do not dispute on review, that the appellant never made a deposit for her period of noncontributory service from October 4, 1982, to January 15, 1983, and the required deposit amount plus interest totaled $1,637.00.[3] PFR File, Tab 1 at 3; ID at 6; IAF, Tab 1 at 4, Tab 9 at 8-9; HA (statement of the appellant). We discern no basis for disturbing these findings.

¶7      Rather, the appellant reasserts on review that the interest accrued on her deposit should be waived based on equity. PFR File, Tab 1 at 3; IAF, Tab 9 at 17, 21. The administrative judge found that the payment of interest on a deposit was a statutory requirement that the Board lacks authority to waive based on equitable considerations. ID at 5-7. We agree.

¶8      OPM and the Board have no discretion to waive statutorily imposed requirements, and the government cannot be estopped from denying benefits precluded by law even if the claimant was denied benefits because of her reliance on the mistaken advice of a government official. *Hayden v. Office of Personnel Management*, 58 M.S.P.R. 286, 293 (1993) (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990)). As relevant here, the statutory and regulatory provisions set forth at 5 U.S.C. § 8334(c), (e) and 5 C.F.R. § 831.303(b) require the payment of interest on a deposit and delineate the accrual of that interest. The appellant argues that the interest "should be waived because [she] was not given accurate or timely information about the deposit requirement" due to OPM's administrative error. PFR File, Tab 1 at 3. The administrative judge properly found that there is no basis under statute, regulation, or equity for waiving the appellant's interest obligation due to lack of notice, even if OPM gave her "false, improper, or misleading information concerning eligibility criteria for a retirement benefit, and [she] relied on that

---

[3] OPM calculated the required deposit as $236.98 and the accrued interest as $1,400.02. IAF, Tab 9 at 62-67.

information to her detriment." ID at 7. We also discern no error in his finding that her requested waiver did not fall into any recognized exception "that allow[s] OPM the discretion to waive or forgive certain debts."[4] ID at 6. Thus, we find the appellant has failed to prove her entitlement to retirement annuity benefits based on her noncontributory service from October 4, 1982, to January 15, 1983, when she has not paid any deposit with interest for such service.

¶9    Accordingly, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] The administrative judge found that the exceptions codified at 5 U.S.C. § 8346(b) and 5 C.F.R. §§ 831.1401, 831.2104(a) were inapplicable to the appellant's request for a waiver. We agree.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
_____
                                                         Jennifer Everling
                                                         Acting Clerk of the Board
Washington, D.C.