# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL J. KEEGAN,
        Appellant,

v.

SOCIAL SECURITY
    ADMINISTRATION,
        Agency.

DOCKET NUMBER
PH-1221-15-0121-W-1

DATE: May 20, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel E. Kenney, Esquire, Chevy Chase, Maryland, for the appellant.

Edward C. Tompsett, Esquire, Philadelphia, Pennsylvania, for the agency.

Joseph Langkamer, Esquire, Seattle, Washington, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to (1) reflect the proper analysis for determining whether a hostile work environment constitutes a personnel action under 5 U.S.C. § 2302(a)(2)(A), and (2) find that two of the appellant's disclosures regarding the National Computing Center (NCC) and the National Support Center (NSC) were protected disclosures under 5 U.S.C. § 2302(b)(8), we AFFIRM the initial decision.

## BACKGROUND

The appellant was an ES-0342 Associate Commissioner for the agency's Office of Facilities and Supply Management (OFSM). Initial Appeal File (IAF), Tab 1 at 2, Tab 12 at 39. On May 21, 2013, the appellant was notified by the Deputy Regional Commissioner that he would be investigated due to equal employment opportunity (EEO) related complaints against him. IAF, Tab 18 at 21. The letter also informed him that because "[t]he [Equal Employment Opportunity Commission (EEOC)] also requires the agency, under certain circumstances, to take temporary measures to separate the parties during the investigation," he would be detailed to the Assistant Associate Commissioner position in the agency's Office of Central Operations. *Id*. On July 31, 2014, he retired from the agency. IAF, Tab 12 at 39.

Thereafter, the appellant filed an individual right of action (IRA) appeal with the Board in which he alleged that, in retaliation for his protected whistleblowing, the agency removed his supervisory duties, detailed him to a position with fewer responsibilities, and ultimately forced him to retire.[2] IAF, Tab 1 at 143-45, Tab 6 at 15-16, Tab 88 at 13. The administrative judge found that the Board had jurisdiction over the appeal and granted a hearing on the merits of the appeal. IAF, Tab 28.

Following a 4-day hearing that was conducted by video-conference, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 106, Initial Decision (ID). The administrative judge first found that the appellant failed to establish a prima facie case of whistleblower reprisal. In that regard, he found that the appellant raised six disclosures in both his Office of Special Counsel (OSC) complaint and his Board appeal. ID at 3. The first three disclosures concerned the agency's decision to replace the existing NCC with a new NSC. *Id.* In his fourth disclosure, the appellant contended that the agency had awarded hundreds of millions of dollars in poorly developed and in some cases unneeded projects, including work being performed on the agency's Wabash office building construction project. ID at 3, 8. In his fifth and sixth disclosures, the appellant alleged that OFSM

---

[2] The administrative judge noted that the appellant filed his Office of Special Counsel (OSC) complaint prior to his retirement and that, in his OSC complaint, the appellant only claimed that the agency retaliated against him by subjecting him to a hostile work environment. IAF, Tab 106, Initial Decision at 2. Thus, the voluntariness of the appellant's retirement is not at issue in this appeal. In addition, we note that the appellant's retired status has no effect on his ability to file an IRA appeal. In *Guzman v. Office of Personnel Management*, 53 F. App'x 927, 929-30 (Fed. Cir. 2002), our reviewing court held that the Whistleblower Protection Act permits a former employee to bring a claim "as to disclosures made, and retaliation taken, during the period that the complainant was an employee or applicant." The Board may follow nonprecedential decisions by the U.S. Court of Appeals for the Federal Circuit to the extent that we find them to be persuasive. *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 11 (2010).

employees were not complying with the agency's overtime and travel policies. ID at 3.

The administrative judge found that the appellant failed to establish that he made disclosures (1)-(4) prior to the alleged acts of retaliation. ID at 24-26. He therefore found that these disclosures could not have been contributing factors in the agency's alleged actions. ID at 26. In addition, the administrative judge found that disclosures (2) and (4) did not constitute protected disclosures. ID at 26-28. Regarding disclosures (5) and (6), the administrative judge found that the appellant failed to establish that these disclosures were a contributing factor in a personnel action. ID at 28-29.

As to the alleged personnel actions, the administrative judge found that the appellant was raising a claim that he had been subjected to a hostile work environment. ID at 13. He found that the agency investigation into the appellant's purported EEO violation and the appellant's detail to a position with allegedly fewer duties may have contributed to a hostile work environment. *Id.* However, he determined that the appellant's hostile work environment claim was not actionable because the appellant failed to establish contributing factor. *Id.* Because the administrative judge determined that the appellant did not meet his burden of proving that any of the alleged protected disclosures were a contributing factor in any of the personnel actions at issue, he found that there was no need to address whether the agency could have shown by clear and convincing evidence that it would have taken any of these actions in the absence of the alleged protected disclosures. ID at 30-31.

The appellant filed a petition for review in which he alleged that the administrative judge erred in finding that he did not make protected disclosures prior to the agency's personnel actions, failed to consider key evidence in the record, failed to make factual and credibility determinations, and did not apply the perceived whistleblower doctrine to the appeal. Petition for Review (PFR) File, Tab 7. The agency has filed a response to the appellant's petition for

review, PFR File, Tab 9, and the appellant has filed a reply to the agency's response, PFR File, Tab 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

After establishing the Board's jurisdiction in an IRA appeal, as the administrative judge found the appellant did in this case, an appellant must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him.[3] 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). If the appellant makes out a prima facie case, then the agency is given an opportunity to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.

The initial decision is modified to reflect the proper analysis for a hostile work environment personnel action.

As noted above, the administrative judge considered whether the appellant was subjected to a hostile work environment personnel action. The administrative judge considered the following actions when assessing the appellant's hostile work environment claim: (1) relieving the appellant of his duties as the Associate Commissioner for OFSM on May 21, 2013, after which he was detailed to positions with few meaningful job duties and responsibilities; (2) conducting an investigation of the appellant for purportedly creating a hostile work environment for his subordinates; (3) issuing the appellant a far lower performance rating than warranted for appraisal period October 1, 2012, to May 21, 2013; and (4) having negative information about the appellant leaked by senior agency management, which resulted in him being denied a position with

---

[3] Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely true than untrue. 5 C.F.R. § 1201.4(q).

two other Federal agencies. ID at 13-14. The administrative judge found that the appellant's fiscal year 2012-13 performance appraisal did not rise to the level of actionable harassment because the appellant received an "Excellent" rating. ID at 30. In addition, the administrative judge found that record evidence contradicted the appellant's claims about why he failed to secure other Federal positions. *Id.* The administrative judge found that, accordingly, the appellant failed to prove that the agency made negative remarks about him that led to his inability to secure employment with other agencies. *Id.*

First, we find that, notwithstanding the characterization of the personnel actions raised by the appellant as constituting a hostile work environment claim, the matters he raised also constitute independent personnel actions under the Whistleblower Protection Act (WPA). *See* 5 U.S.C. § 2302(a)(2)(A). As to the appellant's hostile work environment claim, the administrative judge correctly noted that the Board has stated that a hostile work environment itself may constitute a covered personnel action under the WPA. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25; ID at 29. The administrative judge, however, did not have the benefit of the Board's decision in *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, when issuing the decision in this case. In *Skarada*, the Board clarified that allegations of a hostile work environment may establish a personnel action under the WPA only if they meet the statutory criteria, i.e., constitute a significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A)(xii); *Skarada*, 2022 MSPB 17, ¶ 16. Although the "significant change" personnel action should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions,

duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii).  *Id.*

Thus, we modify the initial decision to reflect the proper analysis for determining whether a hostile work environment constitutes a personnel action under section 2302(a)(2)(A).  However, we need not decide whether the agency actions listed above, considered either individually or collectively, constituted a hostile work environment under *Skarada* for the reasons set forth below.  Nor do we need to address them as independent personnel actions under 5 U.S.C. § 2302(a)(2)(A).

The appellant established that disclosures (1) and (3) concerning the NCC and NSC were protected.

Disclosure (1) was that "[t]he case to replace the existing [NCC] was 'overstated' and relied too heavily on the premise that the NCC was in 'terrible condition' and could no longer support the agency mission."  ID at 3; IAF, Tab 88 at 5-6.  Disclosure (3) was that "[r]etention of the existing NCC building was absolutely essential to house the 925 employees who must remain when the data center function was relocated."  ID at 3; IAF, Tab 88 at 5-6.

A protected disclosure is a disclosure of information that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  5 U.S.C. § 2302(b)(8)(A); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 12 (2014).  A reasonable belief exists if a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions of the Government evidence one of the categories of wrongdoing listed in section 2302(b)(8)(A).  *Linder*, 122 M.S.P.R. 14, ¶ 12.  To establish that he made a protected disclosure, the appellant need not prove that the matter disclosed actually established one of the types of wrongdoing listed under section 2302(b)(8)(A); rather, he must show that the matter disclosed was one that a

reasonable person in his position would have believed evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 18 (2013).

Regarding disclosure (1), the appellant stated that he disclosed to agency officials that the agency had falsely reported to Congress that the NCC was in terrible condition. IAF, Tab 1 at 140. Concerning disclosure (3), the appellant stated that he also disclosed that the agency had misled Congress by stating that the NCC would be demolished when it could not be because there was no space to relocate 925 employees. *Id.* The administrative judge found that a person in the appellant's position may have reached a similar conclusion after having reviewed the Congressional testimony and other information concerning the condition of the NCC and the need for the NSC. ID at 24. The administrative judge, however, found that these disclosures were not protected because the appellant did not make them prior to being subjected to the alleged acts of retaliation. ID at 24-25. However, the timing of the disclosures is relevant to the issue of whether the appellant established contributing factor with regard to these disclosures and not to whether they constitute protected disclosures. We find that these disclosures were in fact protected because the appellant had a reasonable belief that they evidenced a violation of law. *See Berkowitz v. Department of the Treasury*, 94 M.S.P.R. 658, ¶ 10 (2003) (finding the appellant's statement that the agency may have misled Congress to constitute a nonfrivolous allegation of a violation of 18 U.S.C § 1001). We therefore modify the initial decision to reflect that disclosures (1) and (3) constituted protected disclosures.[4]

---

[4] We discern no error in the administrative judge's finding that disclosures (5) and (6), which concerned the appellant's reports that some of his subordinate employees were not complying with agency policy to obtain pre-approval to work overtime and go on official travel, were protected under 5 U.S.C. § 2302(b)(8) as a disclosure of a purported violation of law, rule, or regulation. ID at 3, 27-28; IAF, Tab 88 at 5-6. In this regard, we recognize that, in 2012, Congress passed the Whistleblower Protection Enhancement Act, Pub. L. No. 112-199, 126 Stat. 1465, (WPEA) amending the WPA to, in part, reiterate that the Act protects "any disclosure" of conduct described in 5 U.S.C. § 2302(b)(8), including any such disclosure made in the normal course of an employee's

<u>The administrative judge correctly found that disclosures (2) and (4) were not protected.</u>

Disclosure (2) was that "[t]he rationale and references used to justify relocating the new [NSC] (data center) 35 miles from the existing campus were very 'broadly' interpreted at best and not applicable at all in [the appellant's] opinion." ID at 3; IAF, Tab 88 at 5-6. Disclosure (4) was that "[i]n working with [the General Services Administration], [Social Security Administration (SSA)] staff and reviewing historical files, [he] had discovered that SSA has awarded hundreds of millions of dollars in poorly developed and in many cases, unneeded projects." ID at 3; IAF, Tab 88 at 5-6.

As to disclosure (2) the administrative judge found that no reasonable person in the appellant's position would have believed that this disclosure evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. ID at 27. Accordingly, the administrative judge found

---

duties. 5 U.S.C. § 2302(f)(2) (2013); S. Rep. No. 112-155 at 5. The Board later found that the WPEA amendments to 5 U.S.C. § 2302(f)(2) required a heightened evidentiary burden for appellants who made disclosures in the normal course of their duties. *Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 15 (2014). The Board found that such disclosures provide a basis for a (b)(8) claim only if the employee proves the agency took the personnel action "with an improper retaliatory motive." *Id.* (citing S. Rep. No. 112-155, 5-6, reprinted in 2012 U.S.C.C.A.N. 589, 593-94). However, in December 2017, Congress passed and the President signed the National Defense Authorization Act for Fiscal Year 2018 (NDAA), which amended 5 U.S.C. § 2302(f)(2) to provide that the higher burden of proof applies only to disclosures "made during the normal course of duties of an employee, the principal job function of whom is to regularly investigate and disclose wrongdoing." Pub. L. No. 115-91, § 1097(c)(1)(B)(ii), 131 Stat. 1283, 1618 (2017). While the events relevant to this appeal took place before the NDAA's enactment, the Board has since determined that the new statutory provision applies retroactively. *Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, ¶ 21. In this case, although the administrative judge found that the record revealed that the Deputy Commissioner for Budget, Finance, and Management instructed the appellant to rein in overtime costs in OFSM soon after beginning his position, there is nothing in the record to suggest that the appellant's principal job function was to regularly investigate and disclose wrongdoing. ID at 2, 28. Therefore, the appellant's disclosures were not subject to a higher burden of proof under 5 U.S.C. § 2302(f), even if they were made during the normal course of his duties. *See Salazar*, 2022 MSPB 42, ¶ 22.

that the disclosure was not protected. *Id.* The appellant has not provided a basis for disturbing this well-reasoned finding on review.

As to disclosure (4), the appellant contended that he disclosed that $14,000,000 in project change orders for construction on the agency's Wabash Office Building was approved by a GS-14 project manager without being authorized by senior management. The appellant argued that many of these changes were not needed. The administrative judge determined that the appellant failed to prove the existence of these allegedly unauthorized change orders. ID at 27. Instead, the agency had introduced the results of an Office of Inspector General investigation which found that the project manager who ordered them did so with knowledge of his supervisor and other agency officials. ID at 27. The administrative judge concluded that no reasonable person would have found that these improvements violated a law, rule, or regulation, or constituted waste, fraud, and abuse; accordingly, he found that the appellant failed to establish that disclosure (4) was protected. ID at 27-28. The appellant again has not provided a basis for disturbing this well-reasoned finding on review.

As discussed below, even if we were to find that these disclosures were protected, the administrative judge correctly found that the appellant failed to show that these disclosures, along with disclosures (1) and (3), were contributing factors in the personnel actions raised by the appellant.

<u>The appellant failed to establish that disclosures (1)-(4) were a contributing factor in a personnel action.</u>

The term "contributing factor" means any disclosure that affects an agency's decision to threaten, propose, take, or not take a personnel action affecting the individual making the disclosure. *Usharauli v. Department of Health and Human Services*, 116 M.S.P.R. 383, ¶ 31 (2011). The most common way of proving the contributing factor element is the knowledge/timing test. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 434 (Fed. Cir. 2009). Under that test, an appellant can prove the

contributing factor element through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* To satisfy the test, the appellant need demonstrate only that the fact of, not necessarily the content of, the protected disclosure was one of the factors that tended to affect the personnel action in any way. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015).

The administrative judge found that the appellant failed to establish that he made disclosures (1)-(4) prior to the alleged acts of retaliation. ID at 24-26. Following comprehensive credibility determinations, he found that the first time the appellant raised these concerns was in a November 2013 administrative grievance. ID at 21; IAF, Tab 1 at 243-64. As previously stated, the agency notified the appellant on May 21, 2013, that he would be investigated and detailed out of his position due to EEO-related complaints against him. IAF, Tab 18 at 21. The administrative judge therefore found that the appellant failed to establish contributing factor regarding disclosures (1)-(4). ID at 26.

The appellant contends on review that the administrative judge erred in finding that he did not make disclosures (1)-(4) prior to the alleged retaliatory acts. PFR File, Tab 7 at 16-24. The appellant argues that many factors undermined the administrative judge's ability to make sound credibility determinations, including the fact that the administrative judge did not appear live but on video at the hearing and that 14 months passed between closing arguments and the issuance of the initial decision. *Id.* at 30-31.

The appellant has failed to provide a basis for overturning the administrative judge's well-reasoned credibility findings regarding when the appellant made disclosures (1)-(4). The Board will defer to the credibility determinations of an administrative judge when they are based, explicitly or implicitly, upon observing the demeanor of witnesses testifying at a hearing

because the administrative judge is in the best position to observe the demeanor of the witnesses and determine which witnesses were testifying credibly. *Haebe v. Department of Justice*, 288 F.3d 1288, 1300-01 (Fed. Cir. 2002). Here, the administrative judge considered the testimonies of relevant agency officials and, after applying the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), found their testimonies to be more credible and consistent with the record than that provided by the appellant. ID at 25. The administrative judge noted that the appellant was prolific in his communications with senior management but that he did not mention his concerns with the NCC, NSC, and the Wabash construction project until November 22, 2013, when he submitted his administrative grievance. ID at 26. The appellant has failed to provide a basis for disturbing the administrative judge's well-reasoned credibility findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (indicting that the Board will defer to an administrative judge's credibility findings and will not grant a petition for review based on a party's mere disagreement with those findings). We therefore affirm the administrative judge's finding that the appellant failed to establish that disclosures (1)-(4) were a contributing factor in a personnel action.[5] *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 26 (2007) (determining that disclosures made after the personnel actions at issue cannot have been contributing factors in those personnel actions).

The appellant failed to exhaust his perceived whistleblower claim.

On review, the appellant contends that the administrative judge failed to apply the perceived whistleblower doctrine to the appeal. PFR File, Tab 7 at 29-30. The appellant contends that, even if the evidence reflects that he did

---

[5] The appellant does not challenge on review, and we discern to reason to disturb, the administrative judge's conclusion that the appellant failed to establish that disclosures (5) and (6) were a contributing factor in any alleged personnel action. ID at 27-29; *see* 5 C.F.R. § 1201.115 (stating that the Board normally will consider only issues raised in a timely filed petition or cross petition for review).

not make the disclosures he claims to have made, the administrative judge should have considered whether the agency perceived him to have made those disclosures. *Id.* at 30. To establish that the agency retaliated against him based on its perception that he was a whistleblower, the appellant must show that he exhausted his administrative remedies before OSC, that the agency perceived him as a whistleblower, and that the agency's decision was a contributing factor in its decision to take or not take the personnel action at issue. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 8 (2013). Here, the appellant has not shown that he exhausted his remedy with OSC on this issue. Thus, we find that the Board lacks jurisdiction over this claim. *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 12 (2015) (finding that the Board lacked jurisdiction over the appellant's claim that he was perceived as a whistleblower when the appellant failed to show that he exhausted his administrative remedies regarding this claim), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).[6]

The appellant's remaining arguments do not provide a basis for granting review.

The appellant alleges that the initial decision should be reversed because the administrative judge failed to consider relevant record evidence. PFR, Tab 7

---

[6] Although the administrative judge did not provide the appellant with explicit notice on how to establish jurisdiction over an IRA appeal as a perceived whistleblower, the Board has held that it is not necessary for an administrative judge to provide such notice in every IRA appeal. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 11 (2011). The appellant did not raise his perceived whistleblower claim in his initial appeal. IAF, Tab 1. In a hearing order, the administrative judge ordered the parties to submit prehearing submissions containing statements of all the issues. IAF, Tab 49. The appellant did not raise his perceived whistleblower claim in his prehearing submission. IAF, Tab 88. The agency argues, and the appellant does not dispute, that he raised this claim for the first time in his closing argument. PFR File, Tab 9 at 27. Under the circumstances of this case, we find that the administrative judge did not err by not providing the appellant with jurisdictional notice on his perceived whistleblower claim. *See* 5 C.F.R. § 1201.24(b) (an appellant may not raise a new claim or defense after the end of the conference held to define the issues in the case, except for good cause shown); *cf. Buie v. Office of Personnel Management*, 94 M.S.P.R. 595, ¶ 18 (2003) (finding that the appellant abandoned her age discrimination claim, when it was not listed on the prehearing conference summary and the appellant failed to object to that summary), *aff'd*, 386 F.3d 1127 (Fed. Cir. 2004).

at 25-26. In particular, the appellant alleges that the administrative judge did not address a letter sent to the appellant by the Deputy Regional Commissioner advising the appellant that the investigation was closed. *Id.*; IAF, Tab 13 at 29. In the letter, the Deputy Regional Commissioner informed the appellant that he had reviewed the results of the investigation and concluded that the appellant "did not always conduct [himself] in a manner consistent with the leadership expectations of someone in [his] position." IAF, Tab 13 at 29. According to the appellant, his first-line supervisor "manipulated" the Deputy Regional Commissioner's "letter to support taking additional action against [him]." *Id.* at 5. The appellant argued that, accordingly, the letter supported his argument that the investigation was not truly independent. *Id.*

The administrative judge, however, referenced the Deputy Regional Commissioner's letter in the initial decision when discussing the investigation. ID at 17. Even if the administrative judge failed to adequately analyze the letter as the appellant asserts, the appellant has failed to show how any such alleged error prejudiced his substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision). In relevant part, the administrative judge acknowledged that the agency's decision to investigate him "may have been [an] action[] that a reasonable person would find to be both subjectively and objectively offensive." ID at 30. Thus, the administrative judge considered that the investigation may have constituted retaliation for the appellant's whistleblowing but still found that the appellant failed to establish a prima facie case of whistleblower retaliation.

Based on the foregoing, we find that the appellant has failed to provide a basis for disturbing the initial decision denying him corrective action in his IRA appeal.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.