**Erlinda Y. GUZMAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 02–3173.**

United States Court of Appeals, Federal Circuit.

Dec. 17, 2002.

Rehearing and Rehearing En Banc denied Feb. 14, 2003.

Before BRYSON, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

## DECISION

PER CURIAM.

Erlinda Y. Guzman petitions for review of the decision of the Merit Systems Protection Board, Docket No. SE–1221–01–0158–W–1, dismissing her appeal under the Whistleblower Protection Act for lack of jurisdiction. Because Ms. Guzman was not an employee or applicant for employment at the time of her alleged disclosure or at the time of the alleged retaliatory action, the Board held that it lacked jurisdiction over her appeal. We *affirm*.

## BACKGROUND

Until 1991, Ms. Guzman was employed by the United States Air Force at Clark Air Force Base in the Philippines. On April 26, 1993, she applied for an annuity under the Civil Service Retirement System ("CSRS"). The Office of Personnel Management ("OPM") denied her application, concluding that her service was excluded from CSRS coverage. The Board denied her appeal, and this court upheld the denial. *Guzman v. Office of Pers. Mgmt.*, 79 F.3d 1165 (Fed.Cir.1996) (table).

Ms. Guzman now reasserts her claim of entitlement to an annuity under a different legal theory. She contends that she made a disclosure of information that was protected under the Whistleblower Protection Act and that OPM retaliated against her for that disclosure. Her asserted disclosure consists of her claim that OPM violated the civil service laws by denying her claim for a retirement annuity and that OPM's interpretation of 5 C.F.R. § 831.201(a)(13) violated Executive Order No. 9154 and 5 U.S.C. § 1103. She argues that OPM's misinterpretation of the civil service laws resulted in the wrongful exclusion of indefinite and temporary employees from CSRS coverage, that OPM failed to reopen her annuity application in retaliation for her disclosure of information about that alleged misinterpretation, and that the proper remedy for the violation of the Whistleblower Protection Act is to grant her an annuity.

The administrative judge to whom this case was assigned rejected Ms. Guzman's claim. For purposes of analysis, he assumed as true her contention that she made a disclosure within the meaning of the Whistleblower Protection Act (although that assumption is questionable in light of this court's recent decision in *Francisco v. Office of Personnel Management*, 295 F.3d 1310, 1314 (Fed.Cir.2002) (holding that publicly known legal arguments concerning alleged errors by OPM do not constitute protected disclosures). The administrative judge rejected Ms. Guzman's claim, however, because he concluded that she was not a person within the protection of that Act when she made the asserted disclosure and when the agency allegedly retaliated against her. In particular, the administrative judge ruled that Ms. Guzman was neither an employee nor an applicant for employment at the time of her disclosure and the agency's alleged retaliation, and that the critical

provision of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), was therefore inapplicable to her. The full Board subsequently rejected Ms. Guzman's petition for review.

## DISCUSSION

Section 2302(b)(8), on which the administrative judge relied, prohibits any employee in a position of authority to take, fail to take, or threaten to take a personnel action "with respect to any employee or applicant for employment" because of a disclosure by that "employee or applicant" that the employee or applicant reasonably believes evidences a violation of law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. By its terms, section 2302(b)(8) does not cover a personnel action taken against a former employee, such as Ms. Guzman, based on a disclosure made by that former employee.

While former employees are included among those who can invoke the Whistleblower Protection Act, 5 U.S.C. § 1221(a), a substantive violation of the Act, as defined in section 2302(b)(8), can be committed only against employees or applicants. Thus, section 1221 permits a former employee to bring a Whistleblower Protection Act claim, but only as to disclosures made, and retaliation taken, during the period that the complainant was an employee or applicant. Ms. Guzman was not an employee or applicant for employment when she made her alleged disclosure or when OPM allegedly took, or failed to take, a personnel action with respect to her, and thus the administrative judge correctly held that she has no cause of action under the Whistleblower Protection Act.

To be sure, a different provision of Title 5, section 7701(a), refers to employees and applicants for employment, yet has been applied to permit former employees to appeal to the Merit Systems Protection Board based on claims made appealable by law, rule, or regulation. That interpretation of section 7701(a), however, is necessary to make the appeal system operate as intended. Where, for example, the former employee seeks to appeal from a removal action, it would defeat the very action as to which an appeal is authorized if the former employee were barred from taking the appeal by the very act of removal. In the case of the Whistleblower Protection Act, by contrast, the substantive right is defined as limited to employees and applicants, and it would not be anomalous to limit the scope of the Act's protection to persons who have made disclosures and been subjected to retaliation while they were in the status of employee or applicant.

Ms. Guzman argues that it was Congress's intention to include former employees among the class of individuals that section 2302 protected from retaliation against protected disclosures, and that the statute should be read as if it included a reference to former employees. The legislative history, though, does not support her contention.

The protections in section 2302 for employees and applicants were first enacted in the Civil Service Reform Act of 1978. Those measures were designed to protect insiders who were in a unique position to witness misdeeds by a federal agency and who should not "suffer if they help uncover and correct administrative abuses." S. Rep. 95–969, at 8 (1978). Congress provided for the Special Counsel to investigate allegations of retaliation, petition the Board to suspend any prohibited practices against a whistleblower, and initiate disciplinary actions against persons committing the prohibited practice. *Id.* Then, as now, the substantive rights set out in section

2302 were made applicable to "employees and applicants for employment."

The Whistleblower Protection Act of 1989 authorized individual employees to pursue "individual right of action" appeals to enforce the rights set out in section 2302. Congress included former employees among those who could bring such appeals. *See* 5 U.S.C. §§ 1221(a). Moreover, the new sections addressing the Office of Special Counsel specified that the Office would be charged with protecting "employees, former employees, and applicants for employment from prohibited personnel practices." 5 U.S.C. § 1212(a)(1). *See also* 5 U.S.C. § 1213 (stating that Special Counsel provisions applied to "disclosures of information by an employee, former employee, or applicant for employment"). However, while Congress revised section 2302, it did not add former employees to the list of those persons entitled to the rights set forth in section 2302(b)(8).

The legislative history does not explain why Congress chose to leave in place the definition of prohibited personnel practices in section 2302(b) while including former employees in other, related provisions of the Act. The language of the statute, however, is clear on its face, and there is insufficient indication of Congress's contrary intent to justify ignoring the plain language of section 2302(b)(8) and interpreting it to extend to former employees. Any such extension will have to come as a result of congressional action. Thus, we conclude that under the current statutory scheme, although a former employee may file an appeal for corrective action under the Whistleblower Protection Act, the appeal must concern actions that occurred while the individual was an employee or applicant for employment. In this case, both the alleged violation of law, rule, or regulation and the alleged disclosure of that violation occurred subsequent to Ms. Guzman's employment. The Board therefore properly dismissed her appeal for lack of jurisdiction.