**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LEROY ALFORD, | DOCKET NUMBER |
| Appellant, | DC-1221-19-0754-W-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: September 5, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leroy Alford</u>, Temple Hills, Maryland, pro se.

<u>Nadia K. Pluta</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the basis for the Board's dismissal of this appeal for lack of jurisdiction, we AFFIRM the initial decision.

## BACKGROUND

The appellant filed an IRA appeal in which he appeared to allege that the Office of Personnel Management (OPM) had improperly collected $1,600 from his retirement annuity during the pendency of, and in retaliation for, an appeal he had earlier filed with the Board challenging OPM's determination that he was overpaid in his annuity. Initial Appeal File (IAF), Tab 1. In that prior appeal, the administrative judge affirmed OPM's reconsideration decision, finding that OPM properly determined the existence and amount of the overpayment and that the appellant had not shown that recovery of the overpayment was against equity and good conscience. *Alford v. Office of Personnel Management*, MSPB Docket No. DC-0845-17-0207-I-3, Initial Appeal File, Tab 27, Initial Decision at 6-10. The appellant filed a petition for review, and the Board has affirmed that initial decision. *Alford v. Office of Personnel Management*, MSPB Docket No. DC-0845-17-0207-I-3, Final Order (June 17, 2024).

With his current appeal, the appellant has submitted a copy of his OSC complaint and OSC's closure letter. IAF, Tab 1 at 8-13. In his initial decision dismissing the appeal for lack of jurisdiction, the administrative judge relied on *Guzman v. Office of Personnel Management*, 53 F. App'x 927 (Fed. Cir. 2002), an unpublished decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) dismissing the appellant's IRA appeal on the basis that both the alleged protected disclosure and the alleged retaliatory action occurred after Ms. Guzman had left Federal employment. IAF, Tab 27, Initial Decision (ID) at 1, 3-4. The administrative judge found that, because the appellant's alleged protected disclosures were made in 2017 and 2019, and the alleged retaliation occurred in the same time frame, and because he retired under the Federal Employees' Retirement System effective July 17, 2013, and was not seeking Federal employment at the time he made the alleged protected disclosures, he had no cause of action under the Whistleblower Protection Act (WPA). *Id.*

The appellant has filed a petition for review (PFR), PFR File, Tab 3, to which the agency has responded in opposition, PFR File, Tab 5.

## ANALYSIS

Following the issuance of the initial decision, the Board issued *Abernathy v. Department of the Army*, 2022 MSPB 37, in which it considered whether disclosures made when an individual is neither a Federal employee nor an applicant for Federal employment are protected under the WPA. After requesting and considering amicus briefs on this question, the Board found no reason to overrule its precedent regarding this issue. Under that precedent, an appellant's disclosures are not excluded from whistleblower protection simply because he was neither a Federal employee nor an applicant for employment when he made them.[2] *See Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 8-12

---

[2] The Board in *Abernathy* observed that its precedent on this issue appeared to conflict with some nonprecedential Federal Circuit decisions, including *Guzman*. *Abernathy*, 2022 MSPB 37, ¶ 10 n.6. It noted, however, that nonprecedential decisions of the

(2010) (holding that, at the time of making a disclosure, an individual need not be an employee or applicant for employment at the agency that took the alleged retaliatory action in order to qualify for protection under the WPA as a whistleblower); *Greenup v. Department of Agriculture*, 106 M.S.P.R. 202, ¶¶ 8-9 (2007) (finding that the Board had jurisdiction over an appellant's claim that the agency failed to select her for a position in retaliation for disclosures she made when she was neither an employee nor an applicant). Thus, to the extent the administrative judge found that the appellant's disclosures are excluded from whistleblower protection because he was neither an employee nor an applicant for employment at the time he made them, we disagree and modify the initial decision accordingly.

Nonetheless, although former employees are included among those who can seek corrective action from the Board,[3] they cannot do so for actions taken when they were neither an employee nor an applicant for employment. *See Weed*, 113 M.S.P.R. 221, ¶ 11 (citing with approval the principle that a former employee's appeal rights are limited to actions taken while they were in the status of being an employee or applicant for employment). Section 2302(b)(8) prohibits any employee in a position of authority from taking, failing to take, or threatening to take "a personnel action *with respect to any employee or applicant*." 5 U.S.C. § 2302(b)(8) (emphasis added). Section 2302(b)(9) similarly prohibits personnel actions taken "*against any employee or applicant*" because of certain classes of protected activity. 5 U.S.C. § 2302(b)(9) (emphasis added). Therefore, we agree

---

Federal Circuit are not binding on the Board, and that it is possible that the Board's decision in such a case would not be reviewed by the Federal Circuit. *Id*.

[3] Title 5, United States Code, section 1221(a) provides, in relevant part:

> [A]n employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment, as a result of a prohibited personnel practice described in section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D), seek corrective action from the Merit Systems Protection Board.

with the administrative judge that the appellant cannot seek corrective action for an alleged personnel action that occurred after he was no longer a Federal employee.[4] Thus, we affirm the initial decision as modified to find that, because the appellant was neither an employee nor an applicant when OPM allegedly retaliated against him, his IRA appeal is properly dismissed.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] The National Defense Authorization Act for Fiscal Year 2018 (NDAA for 2018), Pub L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. The NDAA for 2018 amended 5 U.S.C. § 2302(f)(1) to provide that a disclosure shall not be excluded from protection under 5 U.S.C. § 2302(b)(8) because it was made before the individual's appointment or application for employment. NDAA for 2018, § 1097(c)(1)(B)(i), 131 Stat. at 1618 (codified at 5 U.S.C. § 2302(f)(1)(F)). This provision does not affect the analysis of the whistleblower reprisal claim in this appeal, as both the alleged protected disclosures and the agency's alleged retaliatory acts occurred after the appellants' employment had ended.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.