**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TERESA M. YOUNG,<br>            Appellant, | DOCKET NUMBER<br>DC-1221-21-0296-W-4 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>            Agency. | DATE:  February 21, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Teresa M. Young</u>, Frederick, Maryland, pro se.

<u>Steven Weiss</u>, Bethesda, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal.  On petition for review, the appellant, among other things, asserts that her

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

supervisor improperly influenced the deciding official, the agency banned her from the premises following her termination in retaliation for her whistleblowing disclosures, and it discriminated against her and committed harmful procedural error. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant does not challenge the administrative judge's finding that she did not prove that she had a reasonable belief that she made disclosures protected by 5 U.S.C. § 2302(b)(8) or his conclusion that she did not prove that the deciding official had actual knowledge of the disclosures. *Young v. Department of Defense*, MSPB Docket No. DC-1221-21-0296-W-4, Appeal File (W-4 AF), Tab 15, Initial Decision (ID) at 6-10. We affirm the initial decision in this regard.

In her petition for review, the appellant states that her supervisor's "personality overpowered" the deciding official. Petition for Review (PFR) File, Tab 2 at 7. To the extent the appellant is arguing that her supervisor improperly

influenced the deciding official to terminate her during her probationary period, a different outcome is not warranted. *See Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 19 (explaining that the U.S. Supreme Court has adopted the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influences another agency official who is unaware of the improper animus when implementing a personnel action). We agree with the administrative judge that the appellant did not prove by preponderant evidence[2] that her supervisor had any knowledge of the emails that formed the bases of disclosures (1) and (2). ID at 10. Therefore, we cannot impute any such knowledge to the deciding official. We also agree with the administrative judge that the appellant did not prove that the deciding official had constructive knowledge of the disclosures. Moreover, the record reflects that the agency initiated procedures to terminate the appellant 1 month prior to the events described in disclosure (3); thus, disclosure (3) could not have been a contributing factor in the agency's termination decision.[3] ID at 12 n.13; *see Orr v. Department of the Treasury*, 83 M.S.P.R. 117, ¶ 15 (1999), *aff'd*, 232 F.3d 912 (Fed. Cir. 2000). Accordingly, we affirm the administrative judge's decision to deny corrective action.

We have considered the appellant's assertion that the agency's decision to prohibit her from its facilities in October 2020, after she was terminated, was taken in retaliation for her whistleblowing disclosures. PFR File, Tab 2 at 9-10. This argument does not warrant a different outcome. The right to file an IRA appeal derives from 5 U.S.C. § 1221(a), which provides a right to seek corrective action before the Board to "an employee, former employee, or applicant for

---

[2] Preponderant evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q).

[3] Likewise, we are not persuaded by the appellant's assertion that she proved contributing factor because she was terminated within 24 hours of the events described in disclosure (3). PFR File, Tab 2 at 9.

employment." *Maloney v. Executive Office of the President, Office of Administration*, 2022 MSPB 26, ¶ 33. Although former employees are included among those who can seek corrective action from the Board, they cannot do so for matters occurring after their employment. *See Guzman v. Office of Personnel Management*, 53 F. App'x 927, 929-30 (Fed. Cir. 2002) (holding that a former employee may not seek corrective action for alleged disclosures made or retaliatory acts taken after his employment ended);[4] *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 11 (2010) (citing this principle from *Guzman* with approval). The statute at 5 U.S.C. § 2302(b)(8) prohibits any employee in a position of authority from taking, failing to take, or threatening to take "a personnel action with respect to any *employee* or *applicant.*" 5 U.S.C. § 2302(b)(8) (emphasis added). Therefore, the appellant cannot seek corrective action for an alleged personnel action that occurred after she was no longer a Federal employee.

The appellant states that she was not rude and/or unprofessional to any staff "because she never met any," her supervisor created a hostile work environment, and she did not receive clarification of her job duties. PFR File, Tab 2 at 5-6. She also states that the agency failed to substantiate the allegations in the Letter of Counseling and/or the termination letter. *Id.* at 10-11. These arguments do not persuade us that the administrative judge erred in his analysis of this IRA appeal or in his decision to deny corrective action.

Throughout her petition for review, the appellant asserts that the agency discriminated against her due to her disability and marital status, committed harmful procedural error, and violated her rights based on her status as a disabled veteran. PFR File, Tab 2. However, the Board does not have jurisdiction over such claims in an IRA appeal. *E.g.*, *Benton-Flores v. Department of Defense*,

---

[4] The Board may choose to follow nonprecedential decisions issued by the U.S. Court of Appeals for the Federal Circuit if, as here, it finds the reasoning persuasive. *See, e.g., Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014).

121 M.S.P.R. 428, ¶ 6 n.1 (2014); *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 14 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012); *Geyer v. Department of Justice*, 70 M.S.P.R. 682, 687 (1996), *aff'd*, 116 F.3d 1497 (Fed. Cir. 1997) (Table).

Finally, the appellant accuses the administrative judge of bias. PFR File, Tab 2 at 4, 8. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We have reviewed the record, and we have found no evidence of any such favoritism or antagonism.

We have considered the appellant's remaining arguments, but none warrants a different outcome.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[5] The appellant includes with her petition for review several emails from the 2020-2021 timeframe. PFR File, Tab 2 at 23-31. Many of these emails were included in the record below and are not new evidence. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). To the extent that some of the emails were not in the record before the administrative judge, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                   _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.