NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERESA M. YOUNG,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2025-1575

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-21-0296-W-4.

---

Decided: October 7, 2025

---

TERESA M. YOUNG, Frederick, MD, pro se.

CATHERINE M. YANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Teresa M. Young appeals pro se a final decision of the Merit Systems Protection Board denying corrective action in her individual right of action appeal. For the following reasons, we affirm.

## BACKGROUND

On May 26, 2020, Ms. Young started working as a program support assistant within the Department of Defense ("agency"), subject to an initial probationary period. SAppx46.[1] Shortly after assuming her role, Ms. Young and her supervisor, Dr. John Mark Young, had several disagreements that led to the following events. On June 25, 2020, Ms. Young emailed human resource officials, alleging that her supervisor had made "verbal threatening statements and gestures" towards her. SAppx13 (citation omitted). On June 29, 2020, her supervisor sent her a letter documenting his concerns with her behavior and performance. SAppx47–49. From July to August 2020, Ms. Young contacted additional human resource officials, alleging that she had suffered verbal harassment and a hostile work environment, that she needed accommodation due to mental health, and that her supervisor attempted to physically assault her. SAppx13–14. In a July 27, 2020 memorandum, her supervisor requested that the agency immediately terminate Ms. Young, listing various concerns with her behavior and performance. SAppx71–74. Ms. Young obtained a Temporary Peace Order ("TPO") from the District Court of Maryland for Montgomery County,[2] which, on August 25, 2020, police served on her

---

[1]  "SAppx" refers to the appendix accompanying the government's responsive brief.

[2]  A TPO may order limited contact between two parties, typically for seven days, and provides notice of a

supervisor. SAppx14. The following day, the agency terminated Ms. Young, stating that her conduct and work performance were unsatisfactory. SAppx50–52.

Ms. Young filed a complaint with the Office of Special Counsel ("OSC"). SAppx42. The OSC terminated its inquiry into Ms. Young's complaint, and shortly thereafter, Ms. Young filed an individual right of action ("IRA") appeal with the Merit Systems Protection Board ("Board"). SAppx41–45. The administrative judge ("AJ") assigned to Ms. Young's case ruled that Ms. Young met her jurisdictional burden of proof regarding three alleged disclosures: (1) her June 25, 2020 email to human resources; (2) her July to August 2020 notifications to human resources; and (3) her TPO. SAppx53–70.

In his initial decision, the AJ denied Ms. Young's request for corrective action. SAppx11–22. The AJ ruled that Ms. Young failed to prove that she made a protected disclosure by failing to prove a reasonable belief in the truth of any of her disclosures. SAppx16–19. The AJ found that Ms. Young's allegations were "wholly without merit and detached from reality." SAppx19. The AJ also ruled that even if Ms. Young had proved that she made one or more protected disclosures, she failed to prove that any of her disclosures were a contributing factor to her termination. SAppx20–22. The AJ so concluded because Ms. Young failed to allege that the deciding official had knowledge of her disclosures when he made the decision to remove her, and because the agency submitted "unrefuted" evidence to show that the deciding official had no knowledge of the disclosures. *Id.*

Ms. Young petitioned the full Board for review of the AJ's initial decision. SAppx1. The Board denied

---

forthcoming final peace order hearing. *See* MD. CODE ANN., CTS. & JUD. PROC. § 3-1504 (West 2021).

Ms. Young's petition for review and affirmed the AJ's initial decision, which became the Board's final decision. SAppx1–2.

Ms. Young appeals. We have jurisdiction over her IRA appeal under 28 U.S.C. § 1295(a)(9).[3]

## STANDARD OF REVIEW

Our review of Board decisions is limited. 5 U.S.C. § 7703(c). We set aside a Board decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.*

## DISCUSSION

Ms. Young raises two arguments on appeal. First, Ms. Young asserts that the Board failed to consider the temporal proximity between service of the TPO and her termination. Appellant Br. 2. Second, Ms. Young asserts that the Board failed to consider that the agency retaliated against her after her termination. *Id.* We address each argument in turn.

As to Ms. Young's first argument, the Board's ruling that the TPO was not a contributing factor in her termination is supported by substantial evidence. As the Board noted, "the record reflects that the agency initiated

---

[3]    Ms. Young raises an IRA appeal, which is within our jurisdiction. *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1327–28 (Fed. Cir. 2020). To the extent that Ms. Young alleges discrimination or other allegations unrelated to her whistleblower allegations, we do not consider such allegations. *Id.* at 1327 ("[I]n an IRA appeal to the Board, the Board's review is limited to the merits of allegations of violations of the Whistleblower Protection Act."); *see* Appellant Br. 2; *see* ECF No. 4.

procedures to terminate [Ms. Young] 1 month prior to the events" surrounding the TPO.  SAppx3 & n.3.  Ms. Young does not dispute that her supervisor requested that the agency immediately terminate her as early as July 27, 2020, or that police served the TPO on her supervisor nearly a month later on August 25, 2020.  Thus, the Board's determination that the TPO was not a contributing factor in Ms. Young's termination is supported by substantial evidence.

As to Ms. Young's second argument, the Board correctly ruled that Ms. Young cannot seek corrective action for an alleged personnel action that occurred after her termination.  Ms. Young's IRA appeal centers on 5 U.S.C. § 2302, which prohibits certain personnel actions taken "with respect to any employee or applicant for employment."  5 U.S.C. § 2302(b)(8).  The plain language of the statute does not cover personnel actions that occur after termination.  While nonprecedential, our court has previously reached the same conclusion. *Guzman v. Off. of Pers. Mgmt.*, 53 F. App'x 927, 929–30 (Fed. Cir. 2002) (nonprecedential).  Ms. Young's argument does not compel a different result.

CONCLUSION

We have considered Ms. Young's remaining arguments and find them unpersuasive.  For the reasons stated, we affirm.

**AFFIRMED**

COSTS

No costs.